*1026 OPINION OF THE COURT
Howard S. Miller, J.
Defendant moves unopposed for an order, pursuant to CPLR 3216, dismissing this action for want of prosecution. The motion is denied.
One of the predicates for a CPLR 3216 motion is a “written demand” sent to the plaintiff, demanding resumption of prosecution and service of a note of issue within 90 days. A proper form for making such a demand is set forth at 2 Marino (part 1) West’s McKinney’s Forms Civil Practice Law and Rules § 5:251. Instead of using such a form, defendant elected to send an ordinary letter to the plaintiff, which, apart from the format, was deficient in at least two material matters of form:
(1) It failed to make a “demand” and instead said only, “Please resume with prosecution of this matter. If this matter is not placed on the trial calendar . . . within 90 days, we will be forced to make a motion to dismiss your case for want of prosecution.” That is insufficient because it fails to give plaintiff clear notice that it was intended to be a demand under CPLR 3216, with the consequences that such a demand entails. A threat merely to make a motion does not give the plaintiff proper notice that the motion may be incontrovertible in the absence of action by the plaintiff in response to the demand.
(2) The caption of this action was not specified in the letter. Although the letter does have a pro forma caption showing the plaintiff’s name, defendant’s name, the “D/L” (presumably “date of loss”), and defendant’s file number, it has no reference to this court or to its index number, or even to plaintiff’s file number. Thus, the letter fails to identify with specificity exactly which is the action in which defendant is seeking resumption of prosecution. There could in theory be multiple actions, perhaps even in multiple jurisdictions, arising out of the same date of loss.
A demand to resume prosecution is a document with at least as much legal significance as an answering pleading, and it ought to be given with a similar degree of formality so that the recipient is alerted to its significance. It also must be absolutely clear in identifying the action in which resumption of prosecution is sought. The ordinary letter used in this case was the
*1027 kind of argumentative communication that unfortunately is often overlooked in a busy law practice.
The motion is denied, with leave to renew after service of a proper demand under CPLR 3216.